Case 1:24-cv-00294-GBW-LDH     Document 8     Filed 04/15/25     Page 1 of 7 PageID #: 31

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| AARON WILSON, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Civil Action No. 24-294-GBW ) |
| NEW CASTLE COUNTY POLICE DEPARTMENT, | ) ) ) ) |
| Defendant. | ) |

**MEMORANDUM ORDER**

On March 5, 2024, Plaintiff Aaron Wilson filed this *pro se* action under 42 U.S.C. § 1983, alleging violations of the Fourth Amendment, the Eighth Amendment, and the Americans with Disabilities Act by Defendant New Castle County Police Department. (D.I. 2.) Plaintiff has been granted leave to proceed *in forma pauperis*. (D.I. 4.) The Court proceeds to review and screen the Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B).

I. **BACKGROUND**

The following facts are taken from the Complaint and assumed true for purposes of screening the Complaint. *See Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021). On or about February 29, 2024, in New Castle County, Delaware, Plaintiff drove up to a gas pump and got out of his car, when a police

1

officer yelled at Plaintiff and told him to get back in the car three times. (D.I. 2 at 4.) The officer told Plaintiff was he was being ticketed for speeding and not wearing a seatbelt. (*Id.*) Plaintiff did not know what was going on, and after he refused to answer questions, he "was escorted out of [his] car[,] manhandled[,] turned around[,] pat[t]ed down[,] and handcuffed." (*Id.* at 5.) Plaintiff said he was handicapped, but this was ignored. (*Id.*) Plaintiff was detained for fifteen minutes before he was told that he could leave with a warning. (*Id.*) Plaintiff never received paperwork or additional information regarding the purpose of the stop. (*Id.*) Plaintiff had a passenger inside his car who was present for the incident. (*Id.*) Per the Complaint, Plaintiff claims no injuries and seeks no relief. (*Id.* at 7.) Yet according to the civil cover sheet, Plaintiff seeks $1 million for the incident. (D.I. 2-2 at 1.)

## II.  LEGAL STANDARD

A federal court may properly dismiss an action *sua sponte* under the screening provisions of 28 U.S.C. § 1915(e)(2)(B) if "the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief." *Ball v. Famiglio*, 726 F.3d 448, 452 (3d Cir. 2013) (quotation marks omitted); *see also* 28 U.S.C. § 1915(e)(2) (*in forma pauperis* actions). The Court must accept all factual allegations in a complaint as true and take them in the light most favorable to a *pro se* plaintiff.

2

*See Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008). Because Plaintiff proceeds *pro se*, her pleading is liberally construed and her Complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

A complaint is not automatically frivolous because it fails to state a claim. *See Dooley v. Wetzel*, 957 F.3d. 366, 374 (3d Cir. 2020). Rather, a claim is deemed frivolous only where it relies on an "'indisputably meritless legal theory' or a 'clearly baseless' or 'fantastic or delusional' factual scenario." *Id.*

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) is identical to the legal standard used when ruling on Rule 12(b)(6) motions. *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999). A well-pleaded complaint must contain more than mere labels and conclusions. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). A plaintiff must plead facts sufficient to show that a claim has substantive plausibility. *See Johnson v. City of Shelby*, 574 U.S. 10, 12 (2014) (per curiam). A complaint may not be dismissed, however, for imperfect statements of the legal theory supporting the claim asserted. *See id.* at 11.

A court reviewing the sufficiency of a complaint must take three steps: (1) take note of the elements the plaintiff must plead to state a claim; (2) identify

3

allegations that, because they are no more than conclusions, are not entitled to the assumption of truth; and (3) when there are well-pleaded factual allegations, assume their veracity and then determine whether they plausibly give rise to an entitlement to relief. *Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016). Elements are sufficiently alleged when the facts in the complaint "show" that the plaintiff is entitled to relief. *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)). Deciding whether a claim is plausible will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

### III. DISCUSSION

Generally, a municipality will not be held liable under the doctrine of *respondeat superior* for the misconduct of its employees. *See Andrews v. City of Philadelphia*, 895 F.2d 1469, 1480 (3d Cir. 1990). A municipality can only be liable under 42 U.S.C. § 1983 when a constitutional injury results from the implementation or execution of an officially adopted policy or informally adopted custom. *See Beck v. City of Pittsburgh*, 89 F.3d 966, 971 (3d Cir. 1996) (citing *Monell v. Dep't of Soc. Servs. of City of N.Y.*, 436 U.S. 658 (1978)). A successful *Monell* claim must establish: (1) an underlying constitutional violation; (2) a policy or custom attributable to the municipality; and (3) that the

constitutional violation was caused by the municipality's policy or custom. *See Monell*, 436 U.S. at 658.

The Complaint contains no allegations against Defendant New Castle County Police Department (NCCPD). Absent any allegation that a custom or policy established by the Defendant directly caused harm to Plaintiff, his § 1983 claim cannot stand. *See Adams v. Selhorst*, 779 F. Supp. 2d 378, 393 (D. Del.), *aff'd sub nom. Adams v. Officer Eric Selhorst*, 449 F. App'x 198 (3d Cir. 2011) ("even if Adams had named the NCCPD as a defendant, she has failed to allege the exact nature of the custom or policy of the County that gave rise to her injuries, and so she would not have been able to sustain a *Monell* claim against the NCCPD (or the County) on that basis regardless"). The Complaint fails to state a claim against Defendant, warranting dismissal, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

Plaintiff will be given one opportunity to amend the Complaint, as he could conceivably state a cognizable claim against Defendant, or individual police officers.[1] In addition to remedying the deficiencies identified above, an amended

---

[1] A claim that law enforcement officers used excessive force "in the course of an arrest, investigatory stop, or other 'seizure' of a free citizen" is analyzed under the Fourth Amendment "reasonableness" standard. *Graham v. Connor*, 490 U.S. 386, 395 (1989). "Determining whether the force used to effect a particular seizure is 'reasonable' under the Fourth Amendment requires a careful balancing of the nature and quality of the intrusion on the individual's Fourth Amendment interests against the countervailing governmental interests at stake." *Id.* at 396. This analysis

Complaint must state the injuries Plaintiff incurred from the incident and the relief he now seeks by way of this action, pursuant to Federal Rule of Civil Procedure 8.

## IV. CONCLUSION

For the reasons discussed above, IT IS HEREBY ORDERED:

1. The Complaint (D.I. 2) is **DISMISSED** without prejudice, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), for failure to state a claim.

2. Plaintiff's motion to amend the Complaint (D.I. 6) is **DENIED** without prejudice to renewal. Pursuant to Federal Rule of Civil Procedure 15(a)(2), the Court "freely give[s] leave [to amend] when justice so requires." Yet "undue delay, bad faith, dilatory motive, prejudice, [or] futility" may "justify a denial of leave to amend." *Shane v. Fauver*, 213 F.3d 113, 115 (3d Cir. 2000). "'Futility' means that the complaint, as amended, would fail to state a claim upon which relief could be granted" under the standard of Federal Rule of Civil Procedure 12(b)(6). *Lejon-Twin El v. Marino*, 722 F. App'x 262, 265 (3d Cir. 2018) (quoting *Shane*,

---

"requires careful attention to the facts and circumstances of each particular case, including the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether [the suspect] is actively resisting arrest or attempting to evade arrest by flight." *Id.* Other relevant factors include "the duration of the [officer's] action, whether the action takes place in the context of effectuating an arrest, the possibility that the suspect may be armed, and the number of persons with whom the police officers must contend at one time." *Couden v. Duffy*, 446 F.3d 483, 497 (3d Cir. 2006) (alteration original).

6

213 F.3d at 115). Plaintiff's proposed amendments do not change the Court's determination regarding the viability of Plaintiff's claims, warranting denial of his motion to amend.

3. Because it is not inconceivable that Plaintiff could cure the deficiencies in the Complaint (D.I. 2) discussed above, Plaintiff is **GRANTED** leave to file a motion to amend the Complaint, with a proposed Amended Complaint attached, **within thirty (30) days of the issuance of this Order**. The proposed Amended Complaint must cure the deficiencies discussed in this Order and a state a viable claim against a suitable Defendant or Defendants. Failure to do so may result in dismissal with prejudice and case closure. The proposed Amended Complaint must state Plaintiff's claims in full; once filed, and the Court will not consider the claims previously asserted in the Complaint (D.I. 2) or Plaintiff's motion to amend Complaint (D.I. 6).

_____
The Honorable Gregory B. Williams
United States District Judge

Date: April 15, 2025